UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER A. TURNER, | No. 2:15-cv-1297 CKD P |
| Petitioner, | |
| v. | ORDER |
| CALIFORNIA STATE PRISON SACRAMENTO, | |
| Respondent. | |

Petitioner, a state prisoner proceeding pro se, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 together with a request to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Petitioner has submitted a declaration that makes the showing required by § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted. 28 U.S.C. § 1915(a). Petitioner has consented to the jurisdiction of a Magistrate Judge to conduct all further proceedings in this action. (ECF No. 4.)

Petitioner challenges his 2013 prison disciplinary conviction for possession of a weapon, resulting in a 360-day loss of credits. He has filed administrative grievances challenging this disciplinary conviction. However, petitioner has not challenged his 2013 conviction in the state courts. (See ECF No. 1 at 11.)

The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). If exhaustion is to be waived, it must be waived

1

explicitly by respondent's counsel. 28 U.S.C. § 2254(b)(3).[1] A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985), cert. denied, 478 U.S. 1021 (1986).

A prisoner challenging an administrative decision, such as a disciplinary conviction, "is first eligible to file a federal habeas petition only after state habeas proceedings are complete." Redd v. McGrath, 343 F.3d 1077, 1082 (9th Cir. 2003). Before a state prisoner can file a federal habeas petition challenging an administrative decision, he must give the state courts "'one full opportunity to resolve any constitutional [claims] by invoking one complete round of the state's established appellate review process.'" Id. (quoting O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999)).

The petitioner in this case is not entitled to relief in the district court at the present time because he has not exhausted available state court remedies with regard to the disciplinary conviction at issue. Accordingly, the undersigned will dismiss this action without prejudice. See Rule 4, Fed. R. Governing § 2254 Cases.

Petitioner is cautioned that a one-year statute of limitations applies to the filing of a non-capital habeas corpus petition in federal court. See 28 U.S.C. § 2244(d)(1). When a state prisoner challenges an administrative decision, the one-year period of limitation begins to run on the date on which the factual predicate of the claims presented could have been discovered through the exercise of due diligence. Shelby v. Bartlett, 391 F.3d 1061, 1066 (9th Cir. 2004); Redd, 343 F.3d at 1080-83. In general, the one-year period will begin to run on the date the administrative decision becomes final. 391 F.3d at 1065-66; 343 F.3d at 1084.

However, the AEDPA statute of limitations is tolled during the time a properly filed application for post-conviction relief is pending in state court. 28 U.S.C. § 2244(d)(2). Once state collateral proceedings are commenced, a state habeas petition is "pending" during a full round of review in the state courts, including the time between a lower court decision and the

---

[1] A petition may be denied on the merits without exhaustion of state court remedies. 28 U.S.C. § 2254(b)(2).

filing of a new petition in a higher court, as long as the intervals between petitions are "reasonable." See Evans v. Chavis, 546 U.S. 189, 192 (2006).

Good cause appearing, IT IS HEREBY ORDERED that:

1. Petitioner is granted leave to proceed in forma pauperis (ECF No. 5);

2. Petitioner's application for a writ of habeas corpus is dismissed for failure to exhaust state remedies; and

3. The Clerk of the Court is directed to serve a copy of this order together with a copy of the petition filed in the instant case on the Attorney General of the State of California.

Dated: August 10, 2015

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2 / turn1298.103

3